**Balkar SINGH, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

**No. 06–5382–ag.**

United States Court of Appeals, Second Circuit.

Aug. 28, 2007.

Eric W. Schultz, Sacks, Kolken & Schultz, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, Office of Immigration Litigation, Joanne E. Johnson, Attorney, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Balkar Singh, a native and citizen of India, seeks review of an October 31, 2006, order of the BIA denying his motion to reopen his removal proceedings. *In re Balkar Singh*, No. A76 000 859 (B.I.A. Oct. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must generally do so within 90 days of the entry of the final order in the underlying proceeding. However, the 90-day filing deadline may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154 (2d Cir. 2006) (per curiam). In order to prevail on such a motion, the movant must show not only that his due process rights were violated by the conduct of counsel, but also that he exercised "due diligence in pursuing the case during the period [he] seeks to toll." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (per curiam); *Iavorski v. INS*, 232 F.3d 124, 134-35 (2d Cir.2000).

Here, there is no dispute that Singh's September 2006 motion was untimely be-

cause the BIA issued its decision dismissing his appeal in April 2002. However, Singh argues that the intervening period of time should have been equitably tolled because he was prejudiced by his former counsel's ineffective assistance in failing to file a brief before the BIA. He further alleges that he acted with due diligence as soon as he learned of his former counsel's ineffective assistance.

Upon review of the record, we conclude that the BIA did not abuse its discretion in denying Singh's motion, as he failed to specify how he exercised due diligence during the period he sought to toll, *i.e.*, from April 2002 until he filed his motion based on ineffective assistance of counsel in September 2006. Singh now baldly asserts that he "filed the motion to reopen as soon as practicable after having contacted present counsel and having learned of deficiencies in the representation he received at the hands of prior counsel. . . ." However, the BIA properly noted that although Singh learned in January 2003 that his appeal to the BIA had been dismissed, he did not take any action to pursue an ineffective assistance of counsel claim until September 2006. While Singh's affidavit claims that he "was kept in the dark about his case" from February 2003 to September 2006, he does not specify how he exercised due diligence in pursuing his case during this period of time. His unsupported assertion that he "was under the impression that [his former counsel] had appealed [his] case to the Second Circuit as he promised and that he filed a motion to reopen with the BIA" is insufficient to demonstrate due diligence. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.2006). Singh does not indicate when or how often he contacted his former counsel's office to inquire about his case during this period of more than three years. Nor does he indicate when he retained his current counsel to pursue his ineffective assistance claim. Singh has thus failed to establish what steps he took to pursue his case, to prepare his motion to reopen, or any other facts to support his claim that he acted with due diligence between February 2003 and September 2006. Therefore, the BIA did not abuse its discretion in denying his motion to reopen. *See Cekic*, 435 F.3d at 170 (noting that "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled"). Because the BIA properly found that Singh failed to demonstrate due diligence, we need not reach the BIA's finding that Singh also failed to demonstrate how he was prejudiced by his former counsel's ineffective assistance.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.